IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:05CV278-01-MU

| | |
|---|---|
| PERRY L. CRAWFORD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| ANTHONY SEARLES, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**THIS MATTER** comes before the Court for initial review of Plaintiff's Complaint pursuant to 42 U.S.C. § 1983, filed November 8, 2005.

In his present Complaint[1] Plaintiff alleges that from January 2003 through November 2004, he was under the medical care of Anthony Searles and that during that time period he suffered from chest pains, headaches, dizziness, and blurred vision. Plaintiff states that Defendant Searles prescribed him pills to slow down his heart beat; pills for excess water; pills for headaches; and had his blood pressure monitored. Plaintiff states that Defendant Searles later took him off his water pills and increased the enalapril but that his blood pressure remained elevated. In August 2004, Plaintiff states that he experienced extreme chest pains, headaches and dizziness and made an emergency sick call request and was subsequently transferred to the hospital. Upon returning from

---

[1] The Court notes that Plaintiff has filed several lawsuits here in the United States District Court for the Western District of North Carolina – 3:01CV601 (§ 1983 deliberate indifference to serious medical needs claim which was dismissed pursuant to 28 U.S.C. § 1915); 1:01CV40 (§ 1983 deliberate indifference to serious medical needs claim dismissed on summary judgment); 1:05cv41 (retaliation claim dismissed pursuant to 28 U.S.C. § 1915). Plaintiff also filed a § 1983 Complaint which was dismissed for abstention reasons – 5:05CV261.

the hospital Plaintiff alleges that he was examined by Defendant Searles but that his pain continued.

On June 6, 2005,[2] Plaintiff states that he was transferred to Albermarle Correctional Institution where on June 23, 2005, where he was examined by a cardiologist who concluded that Plaintiff's heart was not receiving enough blood to pump. Plaintiff states that on June 26, 2005, as a result of being refused medical treatment he passed out; hit his head on a table requiring stitches; and "bit a hole in [his] jaw."[3]

Plaintiff seeks $ 250,000 in damages for pain and suffering and an additional $ 250,000 in damages for the five stitches he received as a result of hitting the table when he passed out.

To establish an Eighth Amendment violation based on inadequate medical care, an inmate must show that defendants acted with "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 104 (1976). Deliberate indifference is demonstrated by either an actual intent to cause harm, or reckless disregard of substantial risk of harm that is either known to the defendant or would be apparent to a reasonable person in defendant's position. Miltier v. Beorn, 896 F.2d 848, 851-52 (4th Cir. 1990). In either case, however, the indifference must be substantial: inadequate treatment due to negligence, inadvertence, or differences in judgment between an inmate and medical personnel does not rise to the level of a constitutional violation. See Daniels v. Williams, 474 U.S. 327 (1986).

In his Complaint, Plaintiff himself admits that Defendant Searles examined him numerous

---

[2] The Court notes that Plaintiff asserts that Defendant Searles was his doctor from January 2003 through November 2004. Plaintiff also states that he was transferred in June 2005. Plaintiff does not state who treated him from November 2004 until June 2005.

[3] The Court notes that Plaintiff's allegations of deliberate indifference to his serious medical needs which occurred at Albermarle Correctional Institution have no bearing on Plaintiff's lawsuit against Anthony Searles.

times and prescribed him various medications over that time period in an effort to control his symptoms. Thus, based upon the facts submitted by Plaintiff himself, this Court concludes that, at most, Plaintiff was the recipient of negligent medical care. Mere malpractice or negligence in diagnosis or treatment does not state constitutional claim. Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Plaintiff's disagreement with "diagnostic techniques or forms of treatment" does not provide a basis for § 1983 relief. See Estelle v. Gamble, 429 U.S. 97, 107 (1976). Therefore, the Court will dismiss this claim for failure to state a claim upon which relief may be granted. 28 U.S.C. §1915A(b)(1).

**IT IS THEREFORE ORDERED THAT** Plaintiff's Complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2).

**Signed: December 5, 2005**

Graham C. Mullen
Chief United States District Judge